UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD LIDDY, SR., | ) | CASE NO. 1:07 CV 3165 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WAYNE BAUMGART, et al., | ) | AND ORDER |
| | ) | |
| Defendants | ) | |

On October 15, 2007, plaintiff pro se filed the above captioned action under 42 U.S.C. § 1983 against Kirtland, Ohio Police Chief Wayne Baumgart, Kirtland Police Sergeant James Tavano, Kirtland Patrolman Joseph Megyesi, Kirtland Patrolman David Perez, Patrolman Fisher, Jane Doe and John Doe. In the complaint, plaintiff alleges several Kirtland Police Officers used excessive force during the course of his arrest. He seeks compensatory and punitive damages.

**Background**

Mr. Liddy alleges that he was operating his motor vehicle on October 26, 2005 when Kirtland Police Officer Joseph Megyesi signaled for him to pull over for a traffic stop. He indicates that he was told his license plate had expired. Mr. Liddy and his two passengers were arrested and

transported to the Kirtland City Jail to await the arrival of Lake County narcotics officers.

At the city jail, officers attempted to interrogate Mr. Liddy. He claims he invoked his right to counsel but the officers persisted. When he refused to answer questions, the officers allegedly became physical and began to strike him. He claims that while restrained in handcuffs, he was thrown to the floor, punched in the head and body, carried in a "hog-tied horizontal position, then hung...up vertically to the window." (Compl. at 5.) He contends that the narcotics officers arrived and seated him in a chair. Mr. Liddy claims he was not provided medical care for his injuries.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Plaintiff's claims against police chief Wayne Baumgart are dismissed pursuant to § 1915(e).

Mr. Liddy states that the claims against Mr. Baumgart are brought against him solely

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

in his official capacity. An official capacity damages action against a state or municipal officer is the equivalent of a damages liability litigation targeted against the public entity. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Mr. Liddy's claims against Mr. Baumgart are therefore claims against the City of Kirtland.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Kirtland which may have resulted in the deprivation of a federally protected right of the plaintiff.

## Conclusion

Accordingly, the claims against Wayne Baumgart are dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against remaining defendants. Although Sergeant James Tavano, Patrolman Joseph Megyesi, Patrolman David Perez,

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3

Patrolman Fisher, Jane Doe and John Doe remain as defendants in this action, Mr. Liddy has not provided summonses or U.S. Marshal forms for either of these individuals. Consequently, the Clerk's Office is unable to forward this matter to the U.S. Marshal for service. Mr. Liddy therefore is directed to provide two summonses and a U.S. Marshal form for each of these defendants within thirty (30) days of this order. He is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient summonses and U.S. Marshal forms to plaintiff with a copy of this order. If plaintiff fails to provide the completed forms within the time period specified herein, the claim against these remaining defendants will be dismissed.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: *December 14, 2007*