UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD LIDDY, Sr., | ) 1:07CV3165 |
| | ) |
| Plaintiff | ) JUDGE DONALD NUGENT |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| WAYNE BAUMGART, et al. | ) |
| | ) |
| Defendants | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

On Oct. 15, 2007, the plaintiff pro se Richard Liddy, Sr. ("Liddy") filed an action in this court under 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution. Liddy alleged that Kirtland police officers assaulted him while he was in their custody at the Kirtland city jail on Oct. 26, 2005. Other claims include obstruction of justice, a failure to train, and an improper denial of medical care. (Doc. 1.)

The original complaint named the following defendants: Wayne Baumgart, Chief of the Kirtland Police Department; Sgt. James Tavano; Ptl. Joseph Megyesi; Ptl. David Perez; Ptl. "John" Fisher; Jane Doe and John Doe (collectively, "the individual defendants"). (Doc. 1, at 1-3.) The claims were brought against Chief Baumgart in his official capacity, thus the court dismissed those charges sua sponte, pursuant to 28 U.S.C. § 1915(e). (Doc. 5, at 2-3.)

The court has noted that the individual defendants had not yet been properly served. (Doc. 5, at 4.) The court stated that, because Liddy had failed to provide summons or Marshal forms for the individual defendants, the Clerk's Office was unable to forward the matter to the U.S. Marshal for service. Therefore, Liddy was "directed to provide two summonses and a U.S. Marshal form for each of these defendants within thirty (30) days of [the court's Dec. 18, 2007] order." He was also ordered to send a "Notice of Compliance" with an appropriate case caption for filing, with the completed forms. The order stated: "If plaintiff fails to provide the completed forms within the time period specified herein, the claim[s] against these remaining defendants will be dismissed." Id.

On Dec. 27, Liddy filed a Notice of Compliance. The Notice asserts that Liddy "has served upon Defendant's [sic] a copy of the Complaint/Summons via United States Marshal Service on 24th day of December, 2007. The Marshal forms were completed and forward to the clerk of court . . . " (Doc. 7.) The completed forms were not filed with the Notice, as had been directed. In fact, the docket does not reflect receipt by the Clerk, nor service by the Marshal, of the necessary documents at all, other than Liddy's unsupported assertions in his Notice of Compliance.

On Dec. 28, 2007, Liddy filed an amended complaint, which added the City of Kirtland as an additional defendant. (Doc. 8.) The City of Kirtland filed an answer to the complaint on Jan. 18, 2008. (Doc. 11.)

The individual defendants have filed a motion to dismiss under Rule 12(b)(5), for insufficiency of process, on the basis that Liddy has failed to serve them

within the 120-day limit provided by Rule 4(m). (Doc. 12.) The motion was filed on March 4, 2008, but Liddy has not responded.

SERVICE OF PROCESS

The Federal Rules of Civil Procedure provide that service upon an individual, other than an infant or an incompetent person, may be effected in any federal judicial district "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State," or by serving an individual personally, as outlined in Rule 4(e)(2). Fed. R. Civ. P. 4(e). A summons and complaint must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m); Harris v. City of Cleveland, 190 F.R.D. 215, 217 (N.D. Ohio 1999), aff'd, 2001 WL 345802 (6th Cir. Mar. 26, 2001).

The plaintiff bears the burden of perfecting service of process and showing that proper service was made. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991); Darden v. DaimlerChrysler N.Am. Holding Corp., 191 F.Supp.2d 382, 387 (S.D. N.Y. 2002) (conclusory statements insufficient); Harris, 190 F.R.D. at 217; 4A Wright & Miller, Federal Practice and Procedure, § 1083. Liddy has not established that the individual defendants were served personally.

A summons and complaint must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Absent a showing of good cause to justify a

failure to effect timely service, the Federal Rules compel dismissal.  Abel v. Harp, No. 03-4474,  2005 WL 372312 (6th Cir. Feb. 16, 2005); Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994); Turley v. Ackley, No. 3:07CV205, 2008 WL 820393, at *2 (N.D. Ohio March 25, 2008).

Liddy has failed to carry his burden to establish that the individual defendants were served personally.  In addition, he has not shown that they were served in a timely manner, that is, within 120 days after the complaint was filed, nor has he shown good cause to justify a failure to effect timely service.  The motion to dismiss (doc. 12) should be granted, and the action should be dismissed against the individual defendants for insufficiency of service of process.


RECOMMENDATION

It is recommended that the motion to dismiss be granted.


Dated:   April 14, 2008                             /s/ Kenneth S. McHargh
                                                                           Kenneth S. McHargh
                                                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).