IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LIDDY, SR.** | ) | **CASE NO. 1:07 CV 3165** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| **WAYNE BAUMGART, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh (Document #16) recommending that the Court grant the Motion to Dismiss filed by the individual Defendants in this case. Said Defendants argue that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5), for insufficiency of process, on the basis that Mr. Liddy failed to serve them within the 120-day limit set forth in Fed. R. Civ. P. 4(m).

The Magistrate Judge found that Mr. Liddy failed to establish that the individual Defendants were served personally and failed to show that the individual Defendants were served in a timely manner. Further, the Magistrate Judge found that Mr. Liddy failed to show good cause to justify a failure to effect timely service. Therefore, the Magistrate Judge recommends that the Motion to Dismiss filed by the individual Defendants

(Document #12) be granted and the action be dismissed against the individual defendants for insufficiency of service of process.

On April 18, 2008, Mr. Liddy filed his Objection to the Report and Recommendation (Docket #18). Mr. Liddy argues that the Motion to Dismiss should be denied, based on his assertion that "there was an apparent oversight at the clerk of court's office with regards to the filing of the marshal forms and the summons."

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

**Discussion**

In his Report and Recommendation, the Magistrate Judge noted this Court's Memorandum of Opinion and Order, dated December 18, 2007, in which the Court advised Mr. Liddy that he had not provided summonses or U.S. Marshal forms for individual Defendants Tavano, Megyesi, Perez and Fisher. The Court explained that without said forms, the Clerk's Office is unable to forward the matter to the U.S. Marshal for Service. The Court directed Mr. Liddy to provide 2 summonses and a U.S. Marshal form for each of these Defendants within 30 days of the December 18, 2007 Order and also ordered him to send a "Notice of Compliance" with an appropriate case caption for filing, with the completed forms. The Court explained that the failure to provide the completed forms within the time period would result in the dismissal of Mr. Liddy's claims against said Defendants.

While Mr. Liddy filed a Notice of Compliance on December 27, 2007, there is no evidence, aside from his unsupported assertions, that he attached the U.S. Marshal forms required for service and the docket does not reflect receipt by the Clerk, nor service by the Marshal, of the necessary documents. Thus, Mr. Liddy has failed to effectuate service as to

the individual Defendants.

## Conclusion

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct.  The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge McHargh as its own.  The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge McHargh (Document #16) in its entirety.  Accordingly, the Motion to Dismiss filed by Defendants James Tavano, Joseph Megyesi, David Perez and John Fisher (Document #12) is GRANTED

The referral of this case to Magistrate Judge McHargh remains in effect as to the remaining Defendant, City of Kirtland.

IT IS SO ORDERED.

                                                   s/ Donald C. Nugent
                                                 DONALD C. NUGENT
                                                 United States District Judge

DATED: April 28, 2008