UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD LIDDY, Sr., | ) 1:07CV3165 |
| | ) |
| Plaintiff | ) JUDGE DONALD NUGENT |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| WAYNE BAUMGART, et al. | ) |
| | ) |
| Defendants | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

On April 28, 2008, this court granted a motion to dismiss filed by the individual defendants in this case.  (Doc. 20; see also doc. 16, Report and Recommendation.)  The motion was granted under Rule 12(b)(5), for insufficiency of process, on the basis that plaintiff pro se Richard Liddy, Sr. ("Liddy") failed to serve them within the 120-day limit provided by Rule 4(m).  (Doc. 20, at 3-4; doc. 16, at 3-4.)

Subsequently, on Dec. 2, 2008, counsel for defendants alerted the court that the motion to dismiss (doc. 12) had not been properly served on Liddy.  (Doc. 66.)  The court vacated its previous Order, and allowed the individuals defendants to re-file their motion to dismiss.  (Doc. 70).

The defendants have done so (doc. 71), Liddy has filed a brief in opposition (doc. 75), and the defendants have filed a reply (doc. 78).

The court will not repeat the procedural background relating to this motion, which was previously set forth in the Report and Recommendation. (Doc. 16.)

The defendants' renewed motion is essentially based on the same facts and arguments as their original motion. Compare doc. 71 with doc. 12. Liddy's response raises numerous arguments, almost all of which are not germane to the issue of proper service of process. See generally doc. 75. For example, he deals at length with the fact that he was not served with the motion to dismiss in a timely manner, which has been recognized by the court (doc. 70), and was raised by defendants themselves (doc. 66).

Liddy again directs the court's attention to the "Notice of Compliance" (doc. 7), which he filed on Dec. 27, 2007. (Doc. 75, at 1.) As discussed previously, the completed Marshal forms were not filed with the Notice, as had been directed by the court, nor does the docket reflect receipt by the Clerk, or service by the Marshal, of the necessary documents at all, other than Liddy's unsupported assertions in his Notice of Compliance. See generally doc. 16, at 2; doc. 20, at 3. Liddy has cured none of these defects in the meantime.

Liddy also argues that the court may extend the time limit for service for good cause shown, pursuant to Rule 4(m). (Doc. 75, at 4.) However, Liddy has failed to show good cause to justify a failure to effect timely service. See generally doc. 75, at 4-5, and doc. 16, at 4.

Liddy cites Henderson v. United States, 517 U.S. 654, 669-671 (1996), in support of his argument that the court may enlarge the time for service even if there is no good cause shown. (Doc. 75, at 4.) Henderson concerned the period

allowed for service of process in a civil action commenced by an injured seaman under the Suits in Admiralty Act.[1]  Henderson, 517 U.S. at 656.  While it is true that Rule 4(m) allows permissive extensions of time, these are granted by the court in its discretion, and in the circumstances of this case, the court has not exercised its discretion to do so.  See generally  Stewart v. Tennessee Valley Authority, 238 F.3d 424, 2000 WL 1785749 (6th Cir. 2000) (TABLE, text in WESTLAW).

Although pleadings prepared by prisoners proceeding pro se are liberally construed, procedural rules are not to be interpreted to excuse mistakes where a pro se litigant "failed to adhere to readily comprehended court deadlines of which he was well-aware."  Jourdan v. Jabe, 951 F.2d 108, 109-110 (6th Cir. 1991); see generally McNeil v. United States, 508 U.S. 106, 113 (1993).  As discussed in the court's earlier rulings, Liddy was well aware of the procedures at issue.  (Doc. 16, at 2; doc. 20, at 3.)

Liddy has presented no new evidence on the issue of service.  See generally doc. 75.  Liddy has failed to carry his burden to establish that the individual defendants were served personally.  In addition, he has not shown that they were served in a timely manner, that is, within 120 days after the complaint was filed, nor has he shown good cause to justify a failure to effect timely service.  The motion to dismiss (doc. 71) should be granted, and the action should be dismissed against the individual defendants for insufficiency of service of process.

---

[1] The question presented was whether the Act's "forthwith" instruction for service of process had been superseded by Federal Rule 4, and the court held that it had.  Henderson, 517 U.S. at 656, 672.

RECOMMENDATION

It is recommended that the motion to dismiss (doc. 71) be granted.

Dated: Dec. 29, 2008              /s/ Kenneth S. McHargh
                                  Kenneth S. McHargh
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).