UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LIDDY, Sr., | ) | 1:07CV3165 |
| | ) | |
| Plaintiff | ) | JUDGE DONALD NUGENT |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| WAYNE BAUMGART, et al. | ) | |
| | ) | |
| Defendants | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

On Oct. 15, 2007, the plaintiff pro se Richard Liddy, Sr. ("Liddy") filed an action in this court under 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution. Liddy alleged that Kirtland police officers assaulted him while he was in their custody at the Kirtland city jail on Oct. 26, 2005. Other claims included obstruction of justice, a failure to train, and an improper denial of medical care. (Doc. 1 and 3.)

The original complaint named the following defendants: Wayne Baumgart, Chief of the Kirtland Police Department; Sgt. James Tavano ("Tavano"); Ptl. Joseph Megyesi ("Megyesi"); Ptl. David Perez ("Perez"); Ptl. "John" Fisher ("Fisher"); Jane Doe and John Doe (collectively, "the individual defendants"). (Doc. 1, at 1-3.) The claims were brought against Chief Baumgart in his official capacity, thus the court dismissed those charges sua sponte, pursuant to 28 U.S.C. § 1915(e).

(Doc. 5, at 2-3.) The individual defendants were subsequently dismissed as well, for insufficiency of service of process. (Doc. 20, but see doc. 70, 79.)

On Dec. 28, 2007, Liddy filed an amended complaint, which added the City of Kirtland ("the City") as an additional defendant. (Doc. 8.) The City of Kirtland filed an answer to the complaint on Jan. 18, 2008. (Doc. 11.) In the amended complaint, Liddy alleged that the City failed to train police officers Tavano, Megyesi, Perez, and Fisher in the proper use of force and the proper handling of evidence. (Doc. 8, at ¶¶ 5-6, 8, 10.) Liddy also alleged that the City and Chief Baumgart "unlawfully seized [his] property, an automobile without returning the property to the rightful owner," when the criminal charges against him were dismissed. Id. at ¶ 9.

The parties have filed several motions. The defendants have filed a motion for summary judgment (doc. 47), to which Liddy has filed an opposition (doc. 90). Liddy has filed a motion for judgment on the pleadings. (Doc. 80.) Liddy has also filed a motion for summary judgment. (Doc. 90.)

## I. SUMMARY JUDGMENT

Summary judgment is appropriate where the entire record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist. See Bryant v. Commonwealth of Kentucky, 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court has held that:

> . . . Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The evidence need not be in a form admissible at trial in order to avoid summary judgment, but Rule 56(e) requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Id. at 324.

The Sixth Circuit in Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989), has interpreted Celotex and two related cases, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio, 475 U.S. 574 (1986), as establishing a "new era" of favorable regard for summary judgment motions.  Street points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. Street, 886 F.2d at 1479.

The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Id.  In ruling on a motion for summary judgment, the court must construe the evidence, as well

as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir. 1990).

As regards Liddy's motion for summary judgment, because Liddy as plaintiff would have the burden of proof at trial, he has the burden of affirmatively showing the absence of a genuine issue of material fact in order to prevail on his motion for summary judgment. Liddy must present evidence that would entitle him to a directed verdict if that evidence were not controverted at trial. If the defendants respond to Liddy's motion with controverting evidence which demonstrates a genuine issue of material fact, his motion must be denied. However, if, after analyzing the combined body of evidence presented by both parties, the evidence is such that no reasonable jury could find in favor of the defendants, then summary judgment will be entered on behalf of Liddy. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). See also Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1368-1369 (Fed. Cir. 2006); Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir.1986) (movant must establish all essential elements of claim or defense); McGrath v. City of Philadelphia, 864 F.Supp. 466, 473 (E.D. Pa. 1994) (citing National State Bank v. Federal Reserve Bank of N.Y., 979 F.2d 1579, 1582 (3d Cir. 1992)).

### A. City of Kirtland's Motion

### 1. Failure to train

Liddy alleged that the City failed to train its police officers in the proper use of force and the proper handling of evidence. (Doc. 8, at ¶¶ 5-6, 8, 10.)

The City responds that it has "a perfectly appropriate training program for its police officers regarding the handling of arrestees, evidence and the impounding of motor vehicles." (Doc. 47, at 1.) The City states that its officers receive Ohio Peace Officer Training on the laws of arrest, search and seizure, and interview and interrogation. Id. at 5; and DX A, Baumgart aff. In addition, the City points out that it has Standard Operating Procedures regarding these matters, which provide the Police Department's policies, and on which officers receive training. Id. at 5-9; DX A, Baumgart aff.; and DX C. In addition, officers receive further training through individual courses. Id. at 9-10; DX A, Baumgart aff.; and DX D-G. See also DX H-J.

The City argues that, in light of the training provided by the City, Liddy will be unable to establish a lack of training as required under City of Canton v. Harris, 489 U.S. 378 (1989). (Doc. 47, at 10-13.) Because the City has evidence "demonstrating that its police officers are trained not only with regard to the treatment of persons arrested, but also regarding the handling of evidence and impoundment of vehicles," Liddy will be unable to demonstrate that the City was deliberately indifferent to the rights of arrestees, and no liability under Section 1983 can be established. Id. at 13.

To prove a claim under 42 U.S.C. § 1983, the plaintiff must identify a right secured by the Constitution or laws of the United States, and the deprivation of that right by a person acting under color of state law. Pahls v. Kesselring, 230 F.3d 1359, 2000 WL 1290364, at *2 (6th Cir. 2000) (TABLE, text in WESTLAW); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994). Generally, the threshold

question would be whether the defendants deprived the plaintiff of a right secured by the Constitution or laws of the United States. Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998). A claim of excessive force in the course of an arrest involves an alleged violation of the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 388 (1989); King v. Boyd, 194 F.3d 1312, 1999 WL 1024030, at *2 (6th Cir. 1999) (TABLE, text in WESTLAW), cert. denied, 530 U.S. 1265 (2000).

Before the City can be held liable under Section 1983, Liddy must show that his alleged injuries were the result of some "policy or custom" attributable to the City. Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989), cert. denied, 495 U.S. 932 (1990) (quoting Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690 (1978)). An official policy "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690. Thus, before the City can be held liable under Section 1983, the plaintiff must show that his injuries were the result of some "policy or custom" attributable to the department. Vann, 72 F.3d at 1049; Leach, 891 F.2d at 1245 (quoting Monell, 436 U.S. at 690).

Under Monell, a municipality is liable only where its policies are the "moving force" behind the constitutional violation. City of Canton, 489 U.S. at 389 (quoting Monell, 436 U.S. at 694). Liddy cannot base his claim against the City solely on the police officers' conduct, because respondeat superior is not available as a theory of recovery under section 1983. Monell, 436 U.S. at 691.

A city can be liable under Section 1983 for the inadequate training of its employees. City of Canton, 489 U.S. at 388. The inadequacy of police training may serve as the basis for Section 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. See also King, 1999 WL 1024030, at *2; Scott v. City of Cleveland, 555 F.Supp.2d 890, 895 (N.D. Ohio 2008). Only where a failure to train reflects a deliberate or conscious choice by a municipality can a city be liable for such a failure under Section 1983. Id. at 389.

In addition, "the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." Id. at 390. A showing that any particular officer may be unsatisfactorily trained is insufficient to fasten liability on the City. Id. Finally, a plaintiff must show a causal link, namely, that "the identified deficiency in a city's training program [is] closely related to the ultimate injury." Id. at 391.

In response to the City's motion, Liddy reiterates his claims that he was beaten by Kirtland police officers while confined as an arrestee in the City jail. (Doc. 90, at 2.) He argues that his claim of deliberate indifference against the City is "based on an inadequate training policy of officers" with regard to the civil rights of detainees. Id. at 2-4, 6. He contends that the City's officers have not met the "mandatory requirements" set forth under Ohio Rev. Code §§ 109.803(A)(1)(2) and (B)(1) for continuing professional training. Id. at 8-9. However, the evidentiary burden at the summary judgment stage is not on the City, but rather on Liddy, to demonstrate that Kirtland's police training policies demonstrate deliberate

indifference to the constitutional rights of those with whom the police come in contact.

The evidence provided by the City[1] demonstrates that its officers have received the basic training required for police officers in the state, and complete supplementary training in the various aspects of police work.  See generally doc. 47, DX A, Baumgart aff.; and DX D-K.  Liddy has not provided authority for the proposition that the adequacy of their continuing education, as opposed to their overall training, in the context of a federal Section 1983 lawsuit, should be assessed in the light of state statutory requirements.

To establish a constitutional violation by the City, the focus must be on adequacy of the City's training program; a showing that any particular officer may be unsatisfactorily trained is insufficient.  City of Canton, 489 U.S. at 390.  Liddy provides no evidence that Kirtland's police training policies demonstrate deliberate indifference to his constitutional rights.  Liddy has failed to set forth any facts showing that the City was deliberately indifferent to the training of its officers.  See, e.g., Shamaeizadeh v. Cunigan, 338 F.3d 535, 556-557 (6th Cir. 2003), cert. denied, 541 U.S. 1041 (2004); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997), cert. denied, 523 U.S. 1118 (1998).

In sum, Liddy has failed to create a genuine issue of material fact as to whether the City's training of its police officers amounted to deliberate indifference

---

[1] The City also provided Liddy with additional documents, which he has not referenced in support of his arguments.  See doc. 90, PX F, Responses to Requests for Production of Documents, § 2 (stating "any and all records of training program(s)" produced as "LID 1 through LID 483.")

to the rights of those with whom the police come into contact. See generally Liptak v. City of Niles, 198 F.3d 246, 1999 WL 1045100, at *7 (6th Cir. 1999) (TABLE, text in WESTLAW); King, 1999 WL 1024030, at *2-*3.

The City's motion for summary judgment should be granted as to the claim of municipal liability against the City of Kirtland for failure to train.

### 2. Unlawful seizure of property

Liddy also alleged that the City "unlawfully seized [his] property, an automobile without returning the property to the rightful owner," when the criminal charges against him were dismissed. (Doc. 8, at ¶ 9.) Liddy claims that the City "confiscated" the vehicle he had been driving at the time of his arrest, and "declined to return it to the rightful owner, this plaintiff." (Doc. 90, at 5.)

On Oct. 26, 2005, the Kirtland police originally stopped the automobile driven by Liddy, a 1989 Buick Park Avenue, because it had expired license plates. (Doc. 3, at ¶¶ 9-10.) Liddy and the occupants were subsequently arrested because the vehicle appeared to contain items allegedly involved in the illegal manufacture of drugs.

The City responds that the vehicle tow report indicates that the automobile was owned by another individual, Lelliet Schmidt. (Doc. 47, DX L, Vehicle Tow Report.) The vehicle was impounded[2] in accordance with City policy, because Liddy was arrested while in the vehicle. The City states that its policy "provides for

---

[2] The Vehicle Tow Report appears to indicate that the automobile was towed on Oct. 26, 2005, the owner was notified, and it was released by the Vitalone towing service on November 8. See Doc. 47, DX L.

owner notification when a vehicle is towed or impounded. Release of the vehicle is permitted upon furnishing of satisfactory evidence of identity and ownership or right to possession." (Doc. 47, at 11.)

An affidavit filed by Liddy appears to indicate that Liddy did not in fact have title to the automobile at the time of his arrest. Liddy's daughter Jennifer avers that her brother Josh purchased the car from Ms. Schmidt as a present for their father, but that the title transfer paperwork was not "fully completed" and was to be "completed at a later date." (Doc. 90, PX A, at ¶¶ 2-3, 6.) There is no evidence in the record as to the current owner. In addition, according to Jennifer Liddy, the "fictitious license plate" was placed on the car by her brother Josh. Id. at ¶¶ 4-5.

Generally, there is no constitutional violation where the police temporarily impound a vehicle involved in an arrest. See generally Colorado v. Bertine, 479 U.S. 367, 368-369 (1987); United States v. Harvey, 16 F.3d 109, 112 (6th Cir.), cert. denied, 513 U.S. 900 (1994); Mechler v. Hodges, No. C-1-02-948, 2005 WL 1406102, 16 (S.D. Ohio June 15, 2005) (citing cases). Moreover, the evidence provided by Liddy indicates that he did not have title to the vehicle at the time it was impounded, thus, he would not have standing to protest that the vehicle was improperly seized.

Liddy has failed to create a genuine issue of material fact as to whether there is a constitutional violation in the seizure of the vehicle he was driving. The City's motion for summary judgment should be granted as to the claim of unlawful seizure of property against the City of Kirtland.

B.  Liddy's Motion

Liddy has filed a motion for summary judgment, arguing that:

The City of Kirtland is "deliberately indifferent" to the rights of its citizen(s) on issue of unwarranted "use of force," tampering w/ evidence & denial of medical care based on lack of training and/or inadequate training.  Merely having a training manual or providing municipal/ departmental training manual of officers where such manual is neither implemented or enforced.

A standard operating procedure (SOP) that is not fully implemented or enforced by city and its peace officers is an empty formalities.  No evidence of credible & substantial training standard of the state.

(Doc. 90, at 10-11, internal citations omitted.)

As discussed above, the City has provided evidence of training which would appear sufficient to meet their burden.  The amended complaint against the City did not raise allegations of denial of medical care.  See generally doc. 8.  (The allegations of tampering with evidence were made against the individual defendants, not the City.  See doc. 8, at ¶ 7.)

Liddy has not carried his burden of affirmatively showing the absence of a genuine issue of material fact in order to prevail on his own motion for summary judgment.  He has not presented evidence that would entitle him to a directed verdict at trial.  See Saab Cars, 434 F.3d at 1368-1369; Fitzpatrick, 2 F.3d at 1115.

Liddy's motion for summary judgment should be denied.

III.  MOTION FOR JUDGMENT ON PLEADINGS

Liddy has also filed a motion for judgment on the pleadings.  (Doc. 80.)

A party may move for judgment on the pleadings under Civil Rule 12(c) after the parties have filed their complaint and answer. Fed. R. Civ. P. 12(c); Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). Such a judgment must be based on the pleadings alone. Id. The motion will be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Service Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991); see also Northern Indiana Gun Shows, 163 F.3d at 452.

Liddy argues that judgment should be entered against the individual defendants Tavano, Megyesi, and Fisher for failure to answer the complaint. (Doc. 80, at 1.) Liddy refers to the pending motion to dismiss filed by these defendants, and argues that they are not entitled to dismissal as a matter of law. Id. at 2-3. The court has not yet adopted the undersigned's Report and Recommendation (see doc. 70, 79) regarding the renewed motion to dismiss. Liddy's objections (doc. 87) to the Report have been presented to the court.

While a motion to dismiss is pending, the time for serving an answer is tolled. Fed. R. Civ. P. 12(a)(4)(A). Thus, Liddy's motion for judgment against the individual defendants should be denied.

As discussed more fully above, Liddy has failed to demonstrate that no material issue of fact exists concerning his allegations against the City. Therefore, his motion for judgment on the pleadings should be denied.

IV. SUMMARY

The City's motion for summary judgment (doc. 47) should be granted, and Liddy's motion for summary judgment (doc. 90) should be denied. Liddy has failed to create a genuine issue of material fact as to whether the City's training of its police officers amounted to deliberate indifference to the rights of those with whom the police come into contact, as well as to whether there is a constitutional violation in the seizure of the vehicle he was driving.

In addition, Liddy's motion for judgment on the pleadings (doc. 80) should be denied, because the individual defendants' motion to dismiss is pending, and their answer is not yet overdue.

RECOMMENDATION

It is recommended that the City's motion for summary judgment (doc. 47) be granted, and Liddy's motion for summary judgment (doc. 90) be denied. It is also recommended that Liddy's motion for judgment on the pleadings (doc. 80) be denied.

Dated:  Jan. 26, 2009                                /s/ Kenneth S. McHargh
                                                     Kenneth S. McHargh
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).