IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LIDDY, SR.** | ) | **CASE NO. 1:07 CV 3165** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| **WAYNE BAUMGART, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh (Document #94) recommending that the Court grant the Motion for Summary Judgment filed by the Defendant City of Kirtland (Docket #47); deny the Motion for Summary Judgment filed by Plaintiff Richard Liddy, Sr. (Docket #90); and, deny the Motion for Judgement on the Pleadings filed by Mr. Liddy (Docket #80).

On February 4, 2009, Mr. Liddy filed his Objection to the Report and Recommendation (Docket #95). Mr. Liddy argues (1) that if adopted, the Report and Recommendation will erode the ability of pro se prisoners to successfully litigate their own constitutional claims; (2) that the Magistrate Judge did not understand the Constitutional claim raised against the City of Kirtland; and, (3) that the Report and Recommendation was premature. Defendants filed their Response to Mr. Liddy's objections on February 10, 2009

(#96) and Mr. Liddy filed a Rebuttal on February 19, 2009 (Docket #97).

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Discussion

The Court has reviewed the Report and Recommendation *de novo*, and has considered the objections, response and rebuttal submitted by the Parties.

The Magistrate Judge correctly determined that the City's Motion for Summary Judgment should be granted as to Mr. Liddy's claim of municipal liability against the City of Kirtland for failure to train. Mr. Liddy failed to create a genuine issue of material fact as to whether the City's training of its police officers amounted to deliberate indifference to the rights of those with whom the police come into contact. The evidence before the Court shows that the City's police officers received the state-required basic training and complete supplementary training in various areas. There is no evidence that the training received by the police officers was inadequate.

Relative to Mr. Liddy's claim that the City unlawfully seized his vehicle, the Magistrate Judge correctly found that generally, there is no constitutional violation where the police temporarily impound a vehicle involved in an arrest. Further, the evidence

presented to the Court indicates that Mr. Liddy did not have title to the vehicle at the time it was impounded. Accordingly, Mr. Liddy has failed to create a genuine issue of material fact as to whether there was a constitutional violation in the seizure of the vehicle he was driving.

The Magistrate Judge also correctly determined that Mr. Liddy's Motion for Summary Judgment should be denied. Mr. Liddy claims that the City was deliberately indifferent to the rights of its citizens by failing to properly train its officers. The City has provided evidence sufficient to meet its burden that training was adequate and Mr. Liddy has failed to demonstrate the absence of material fact necessary to support his Motion.

Finally, the Magistrate Judge correctly recommends that Mr. Liddy's Motion for Judgment on the Pleadings be denied. A motion for judgment on the pleadings is granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Service Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). Mr. Liddy argues that judgment should be entered against the individual defendants for failure to answer.

While a motion to dismiss is pending, the time period for serving an answer is tolled. The individual defendants in this case filed a Motion to Dismiss on March 4, 2008, for insufficiency of service of process. The Motion to Dismiss was granted by this Court. (Docket #20.) However, on December 2, 2008, Counsel for Defendants notified the Court that the Motion to Dismiss had not been properly served on Mr. Liddy. The Order granting the Motion to Dismiss was vacated and the individual Defendants were permitted to re-file their Motion to Dismiss (Docket #70). The Magistrate Judge recommends that this Court

grant the Motion to Dismiss, for the same reasons as discussed previously. The Court agrees with the Magistrate Judge's finding that the statute of limitations was tolled. Further, Mr. Liddy has failed to demonstrate the absence of material facts necessary to support a finding in his favor on either his Motion for Summary Judgment or Motion for Judgment on the Pleadings.

## Conclusion

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court hereby ADOPTS the Report and Recommendation issued by Magistrate Judge McHargh (Docket #94). The Motion for Summary Judgment filed by the City of Kirtland (Docket #47) is hereby GRANTED. The Motion for Summary Judgment filed by Mr. Liddy (Docket #90) is hereby DENIED. The Motion for Judgment on the Pleadings filed by Mr. Liddy (Docket #80) is hereby DENIED. This case is hereby TERMINATED as to Defendant City of Kirtland.

IT IS SO ORDERED.

 s/Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED: March 4, 2009